893 F.2d 1334
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joyce C. JACKSON, Plaintiff-Appellee,
v.
NORTH AMERICAN PHILIPS LIGHTING CORPORATION and Allied
Industrial Workers of America, AFL-CIO, Local No.
928, Defendant-Appellee.
 No. 89-5331.
 United States Court of Appeals, Sixth Circuit.
 Jan. 19, 1990.
 
 Before KRUPANSKY and RYAN, Circuit Judges, and JAMES P. CHURCHILL, Chief District Judge*.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Joyce C. Jackson (appellant) appealed the entry of summary judgment in favor of defendant-appellees Philips Lighting Corporation (Philips) and Local 928 of the Industrial Workers of America (the Union) in this hybrid action commenced pursuant to Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185. Appellant commenced this litigation subsequent to her March 29, 1985 dismissal from employment at Philips's Owensboro, Kentucky plant, allegedly for an excessive rate of absenteeism.
 
 
 2
 The undisputed facts are that from 1980 to 1984, appellant was absent from work 242 days and was tardy on 29 days. From late 1984 to her discharge in March 29, 1985, appellant missed eleven consecutive weeks of work. Over much of this period, appellant's chronic absenteeism was principally attributable to illness, and appellant was hospitalized several times.
 
 
 3
 Philips warned appellant numerous times that she risked reprimand, suspension, or even termination if her chronic absenteeism were to continue. After two written admonitions, a three-day suspension, and several informal warnings during meetings with both union and managerial representatives, Philips informed appellant that she needed to produce documentation justifying her extended absences from work. The last letter was issued while appellant was confined in the hospital. The local Union president, Ora Capps (Capps), visited appellant in the hospital in an attempt to convince her of the importance of her returning to work. Capps, while at the hospital, "chased [appellant's] physician down the hall to procure the necessary doctor's note and [otherwise] helped [appellant] provide the necessary documentation" to support her absences. The record indicates that Capps and appellant were on good terms, and socialized on occasion. Appellant was absent on five separate occasions between January 1985 and March 28, 1985, the date on which she was finally terminated.
 
 
 4
 Subsequent to appellant's discharge, the Union filed a grievance and actively pursued the matter through the first four steps enumerated in the relevant collective bargaining agreement (CBA). At a regular meeting of Union members on June 9, 1985, the Union voted unanimously not to pursue appellant's grievance to arbitration, because a similar 1982 case, involving an employee discharged for high level absenteeism, which had been arbitrated and lost, prompted the Union to conclude that the probability of successful arbitration of appellant's discharge was highly unlikely. Capps notified appellant that the Union had elected not to seek arbitration, and that the grievance was closed.
 
 
 5
 On November 8, 1985, appellant commenced legal proceedings against both Philips for its alleged breach of the CBA and the Union for an alleged breach of its duty of fair representation. The district court granted summary judgment against appellant concluding that there was no genuine issue of material fact concerning the Union's breach of its duty of fair representation. In her timely appeal, Jackson asserts that the district court applied an improper evidentiary standard in granting summary judgment, that genuine issues of material fact existed both as to the Union's breach of its duty of fair representation and as to Philips's breach of the CBA in discharging appellant. Appellant argues that the earlier, unsuccessful arbitration upon which the Union ostensibly predicated its decision not to pursue her case to arbitration was not decided pursuant to the "obvious and just cause" standard mandated by the CBA governing her case, as a result of which the Union had a duty to pursue the matter to arbitration even if appellant had only a twenty-five percent or less chance of prevailing.
 
 
 6
 Upon review of the appellant's assignments of error, the record in its entirety, the briefs of the parties, and the argument of counsel, this court concludes that the district court committed no error in granting summary judgment for appellees. Accordingly, the summary judgment in favor of defendants is AFFIRMED for the reasons stated in the district court's memorandum opinion of February 14, 1989.
 
 
 7
 Appellee Union's request for reasonable attorney fees is DENIED because the appropriate course of action available to appellee to recover attorney's fees is by a motion pursuant to Fed.R.App.P. 38, and absent proof of bad faith in the appellant's pursuit of her cause of action against the appellees, a motion for fees is inappropriate.
 
 
 
 *
 Honorable James P. Churchill, Chief United States District Judge for the Eastern District of Michigan, sitting by designation